**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1602**

JORGE ALEXANDER TORRES-MENDOZA,

                Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 8, 2016      Decided: December 13, 2016

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

John T. Riely, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Ilissa M. Gould, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Alexander Torres-Mendoza, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

In the argument section of his brief, Torres claims that he was threatened and beaten in El Salvador on account of his political opinion. He does not challenge the agency's finding that he failed to establish a cognizable particular social group or otherwise argue that he is entitled to asylum on account of his membership in his proposed group. He also fails to challenge the agency's denial of his request for protection under the CAT. He has therefore abandoned these challenges on appeal. See Fed. R. App. P. 28(a)(8)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."); see also Karimi v. Holder, 715 F.3d 561, 565 n.2 (4th Cir. 2013).

Turning to Torres' claim of political persecution, Torres incorrectly states that the Board concluded that (1) the threats and beating he received at hands of Jose Urias and two unknown men in El Salvador did not rise to the level of past persecution; and (2) he failed to establish a nexus between these incidents and his political opinions. The Board clearly declined to review "the level of harm and nexus issues" in regard to Torres' claim that he was subjected to persecution on account of his political opinion and instead upheld the IJ's denial of relief on the sole ground that Torres failed to meet his burden of establishing that the Salvadoran government is unable or unwilling to protect him.

Because Torres is claiming that he fears persecution at the hands of private actors, as opposed to the government of El Salvador, he must establish that the government cannot or will not control the offenders. See Mulyani v. Holder, 771 F.3d 190, 198 (4th Cir. 2014) ("[A]n applicant alleging past persecution must establish either that the government was responsible for the persecution or that it was unable or unwilling to control the persecutors."). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." Hernandez-Avalos v. Lynch, 784 F.3d 944, 951 (4th Cir. 2015) (alteration and internal quotation marks omitted).

We conclude that the record evidence does not compel a ruling contrary to the agency's finding that Torres failed to establish that the government is unable or unwilling to control the private actors in this case, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review for the reasons stated by the Board. In re Torres-Mendoza (B.I.A. Apr. 27, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED